UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SECURITIES AND EXCHANGE COMMISSION,   )
                                      )
             Plaintiff,               )
v.                                    )
                                      )
DELANEY EQUITY GROUP LLC,             )
                                      )
             Defendant.               )
_____)

# COMPLAINT

Plaintiff Securities and Exchange Commission (the "Commission") alleges as follows:

## I.  INTRODUCTION

1. This matter involves the continuing failure by Defendant Delaney Equity Group LLC ("Delaney"), a broker-dealer registered with the Commission, to furnish promptly its books and records to the Commission as required by the Securities Exchange Act of 1934 ("Exchange Act") and rules thereunder.  From April 23, 2015 through the present, Delaney has failed to produce any documents requested by the Commission by both letter request and subpoena issued in the course of a Commission investigation.

2. By engaging in the conduct described in this Complaint, Delaney violated and continues to violate Section 17(a)(1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Exchange Act Rule 17a-4(j), 17 C.F.R. § 240.17a-4(j).  Unless restrained and enjoined, Delaney is likely to continue to engage in such conduct.

## II. DEFENDANT

3. Delaney, a Florida limited liability company with its principal place of business in Palm Beach Gardens, Florida, has been registered as a broker-dealer with the Commission since May 31, 2007. At all relevant times, Delaney has been subject to all provisions of the Exchange Act, including Section 17 and the rules thereunder.

## III. JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(d)-(e) and 78aa(a).

5. The Court has personal jurisdiction over Delaney and venue is proper in this District because, among other things, Delaney resides or transacts business in this District and many of the acts and transactions constituting the violations alleged in this Complaint occurred in this District. In addition, venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Commission's claims occurred here.

## IV. FACTUAL BACKGROUND

6. On April 9, 2015, the Staff of the Commission's Division of Enforcement (the "Commission Staff") sent Delaney a letter request (the "Letter Request") pursuant to Rule 17a-4(j) of the Exchange Act in the course of an investigation. The Letter Request asked for documents related to, among other things, a former registered representative and Delaney's current and former policies and procedures.

7. The Letter Request expressly stated that Delaney should produce responsive documents on or before April 23, 2015. However, Delaney failed to respond by that date.

8. On April 28, 2015, five days after the response deadline in the Letter Request, an attorney for Delaney ("Delaney's counsel") emailed the Commission Staff and requested a

two-week extension for Delaney to respond to the Letter Request.  The Commission Staff agreed and set a new deadline of May 12, 2015.

9. On May 15, 2015, having received no documents by the May 12 deadline, the Commission Staff contacted Delaney's counsel to inquire as to the status of Delaney's production.  Delaney's counsel responded that he expected production to begin on May 18, 2015.

10. On May 27, 2015, having still received no production, the Commission Staff emailed Delaney's counsel to request complete and immediate production in response to the Letter Request.

11. On June 1, 2015, Delaney's counsel responded to the Commission Staff's May 27 email: "[Delaney's principal] went to the warehouse this weekend to look for documents.  I will follow up with him this morning."  Delaney's counsel indicated that Delaney had otherwise already reviewed "on site" files.

12. On June 15, 2015, having received no further response since June 1, the Commission Staff again sent an email to Delaney's counsel inquiring about the status and asking for a telephone call on June 17 to discuss the matter.  Delaney's counsel did not respond to that email.

13. On June 29, 2015, having still received no production to the Letter Request, the Commission Staff served a subpoena on Delaney care of Delaney's counsel by email and UPS (the "Subpoena").  The Subpoena requested virtually the same documents as the Letter Request.  The Subpoena specified that the response thereto was due on or before July 13, 2015.

14. On July 15, 2015, having received no production or other response to the Letter Request or Subpoena, the Commission Staff requested that Delaney's counsel immediately contact the Commission Staff.  Delaney's counsel responded by email: "I will interact with you

and my client tomorrow as my top priority."

15. On July 17, 2015, after receiving no contact from Delaney's counsel on July 16 as promised, the Commission Staff requested full production to the Letter Request and Subpoena on or before July 22, 2015.

16. On July 23, 2015, having received no production by the extended July 22 deadline, the Commission Staff requested that Delaney's counsel confirm whether Delaney's response had been submitted. Delaney's counsel responded: "I am writing it now." The Commission Staff then asked for confirmation once the production was submitted.

17. On July 24, 2015, having not been informed of any submission, the Commission Staff requested that Delaney's counsel immediately provide an estimated time for the submission of Delaney's complete response to the Letter Request and Subpoena. Delaney's counsel did not respond to that email.

18. On August 10, 2015, the Commission Staff sent a letter to Delaney's counsel which set forth the above chronology of events, stated that Delaney was in violation of both the Letter Request and Subpoena and the books and records provisions of the Exchange Act, and requested full production by August 17, 2015.

19. The Commission Staff has received no response to the August 10 letter, and Delaney has not produced any documents in response to the Letter Request.

20. The documents Delaney failed to produce were records it was required to furnish to the Commission pursuant to Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)], Exchange Act Rule 17a-4(j) [17 C.F.R. § 240.17a-4(j)], or both.

## COUNT I

### Violation of Section 17(a)(1) of the Exchange Act and Exchange Act Rule 17a-4(j)

21. The Commission repeats and realleges Paragraphs 1 through 20 of its Complaint.

22. From April 23, 2015 to the present, Delaney, a registered broker-dealer, has failed to furnish copies of records that the Commission has through Exchange Act Rule 17a-4 [17 C.F.R. § 240.17a-4] prescribed as necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Exchange Act. During the same time period, Delaney also failed to furnish promptly to a representative of the Commission copies of those records of Delaney that were required to be preserved under Rule 17a-4 or any other records of Delaney subject to examination under Exchange Act Section 17(b) [15 U.S.C. § 78q(b)] that are requested by the representative of the Commission.

23. By reason of the foregoing, Delaney violated, and, unless enjoined, is reasonably likely to continue to violate, Section 17(a)(1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Exchange Act Rule 17a-4(j), 17 C.F.R. § 240.17a-4(j).

## RELIEF REQUESTED

**WHEREFORE**, the Commission respectfully requests the Court:

### I.

### Declaratory Relief

Declare, determine and find that Delaney violated the federal securities laws alleged in this Complaint.

II.

**Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction**

Issue a Temporary Restraining Order, a Preliminary Injunction and a Permanent Injunction, restraining and enjoining Delaney, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Delaney, and each of them, from violating the federal securities laws alleged in this Complaint.

III.

**Production of Records**

Issue an Order directing Delaney to produce to the Commission all records requested by the Commission in its Letter Request to Delaney dated April 9, 2015.

IV.

**Penalties**

Issue an Order directing Delaney to pay civil money penalties pursuant to Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).

V.

**Records Preservation and Expedited Discovery**

Issue an Order requiring Delaney to preserve any records related to the subject matter of this lawsuit that are in its custody, possession or subject to its control, and to respond to discovery on an expedited basis.

VI.

**Further Relief**

Grant such other and further relief as may be necessary and appropriate.

## VII.

### Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action and over Delaney in order to implement and carry out the terms of all orders and decrees that may hereby be entered, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Dated:  October 6, 2015                        Respectfully submitted,

By:     s/Christine Nestor
Christine Nestor
Senior Trial Counsel
Florida Bar No. 597211
Direct Dial:  (305) 982-6367
E-mail: nestorc@sec.gov
***Lead Attorney***
***Attorney To Be Noticed***

Jeffrey T. Cook
Florida Bar No. 647578
Direct Dial: (305) 982-6344
E-mail: cookje@sec.gov

**ATTORNEYS FOR PLAINTIFF**
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154